Monique Branscomb Wilhite
BRANSCOMB WILHITE LAW FIRM
5045 W. Baseline Road
Suite 105-207
Laveen, Arizona 85339
602-326-9002
Monique Branscomb Wilhite, Bar No. 013775
Attorney for Debtor by Special Appearance as to below captioned Adversary Proceeding.

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In Re:<br><br>RACHAEL EARL,<br><br>Debtor<br><br>RACHAEL EARL AND DAN EARL, husband and wife,<br><br>Plaintiffs<br><br>DIANE M. MANN, as Chapter 7 Trustee,<br><br>Defendant. | **Case No.: 2:13-18751-EPB**<br><br>**Adv. No. 2:15-ap-00559-EPB**<br><br>**PLAINITFFS RESPONSE TO AND MOTION TO DENY DEFENDANT'S MOTIN TO DISMISS**<br><br>**Oral Argument Requested**<br><br>**Honorable Eddward P. Ballinger, Jr.** |
|---|---|

Debtor, Rachael Earl and Non- Debtor Spouse, Dan Earl, (collectively "Plaintiffs"), by and through undersigned counsel, hereby respond to Defendant's Motion to Dismiss Adversary Complaint (" Motion") ( Doc. 31) The court should deny Motion because Plaintiffs have plead sufficient facts to sustain their claims for an equitable lien and unjust enrichment. Defendants seek dismissal based on the third cause of action – for

administrative expenses -which was voluntarily dismissed by Plaintiffs and no longer a claim in this adversary proceeding. Further, the court should strike the Motion from the record and not consider it because Defendants have already filed an answer.  A Motion to Dismiss at this point is prohibited and a waste of judicial resources.

Finally, Plaintiffs request the court grant leave to amend the complaint should the court determine the factual basis for the claims are not sufficient.  This motion is supported by the attached Memorandum of Points and Authorities.

DATED this 5th day of January, 2018

By /s/ Monique Wilhite
Monique Wilhite
BRANSCOMB WILHITE LAW FIRM
5045 W. Baseline Road
Suite 105-207
Laveen, Arizona  85339
602-326-9002
Monique Branscomb Wilhite, Bar No. 013775
Attorney for Debtor by Special Appearance as to below captioned Adversary Proceeding

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     LEGAL STANDARD**

When considering whether to grant a motion to dismiss, the court must accept all allegations of material fact as true and  they must be construed in the light most favorable

to plaintiff. Fed. R. Civ. P. 12(b)(6); *SmileCare Dental Grp. v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 782-83 (9th Cir. 1996)

When reviewing the motion, the court can determine whether any legal conclusions drawn in a complaint are supported by factual allegations; and when there are "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). *See also*, *Corvello v. Wells Fargo Bank, N.A.*, 728 F.3d 878, 884-885 (9th Cir. 2013)(the court must assume the allegations in the complaint are true, and refuse to consider contradictory "facts" argued by the bank, as "such a defense 'presents a factual dispute that cannot be resolved [at the motion to dismiss stage].'"). "A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *SmileCare Dental*, 88 F.3d at 783.

A sufficient complaint "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [to support the claim] and "enough heft to "sho[w] that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). *See also* Fed. R. Civ. P. 8(a)(2).

The bankruptcy court must follow state law. See, *West v. American Tel. & Tel. Co.*, 311 U.S. 223, 236-37, 61 S.Ct. 179 (1940).

Plaintiffs have presented the Court with sufficient facts that support valid claims under Arizona law, with "enough heft" to show they are entitled to relief.

## II. ARGUMENT

As an initial matter, Plaintiffs assert that the Motion to Dismiss is inappropriate as Defendants have already answered the complaint (Doc.10) Rule 12(b)6 of the Federal Rules of Civil Procedure provides that "[a] motion asserting any of these defenses [ 12(b)

3

1-7] must be made before pleading if a responsive pleading is allowed." Rule 12(b) Fed. R. Civ. P.

Additionally, Plaintiffs requested that this matter be stayed pending the resolution of the 9th Circuit Appeal (Doc, 30). The court has not ruled on that motion. Although the 9th Circuit as made a decision on the appeal against Plaintiffs, the decision is not final and Plaintiffs intend to file a Motion to Reconsider, which is due January 12, 2018.

In the event this Court entertains Defendant's Motion, Plaintiffs offer the following response without waiving the above argument under Rule 12(b)6.

### A. PLAINTIFFS HAVE PLEAD FACTS THAT SUPPORT A CLAIM FOR AN EQUITABLE LIEN

> Equity is reluctant to permit a wrong to be suffered without remedy. It seeks to do justice and is not bound by strict common law rules or the absence of precedents. It looks to the substance rather than the form. It will not sanction an unconscionable result merely because it may have been brought about by means which simulate legality. And once rightfully possessed of a case it will not relinquish it short of doing complete justice.

*Sanders v. Folsom*, 104 Ariz. 283, 289, 451 P.2d 612, 618 (1969) (quoting Merrick v. Stephens, 337 S.W.2d 713, 719 (Mo.Ct.App.1960)).

An action to establish an equitable lien is an action in equity. *Chase Home Finance, LLC v. Risher*, 405 S.C. 202, 746 S.E.2d 471 (Ct. App. 2013).

> An equitable lien may be declared when one has furnished funds for the improvement of the property of another, with the knowledge and consent of the other, **OR** when one in good faith, and under a mistake as to the condition of the title, makes improvements, renders services, or incurs expenses that are permanently beneficial to another's property.

53 C.J.S. Liens § 25 (emphasis added).

Plaintiffs moved into their home at 881 N. Sunnyvale, Gilbert, AZ 85235 (Sunnyvale Property) in August of 2014. Complaint ¶3. The Sunnyvale Property required $34,559.66 in repairs. Complaint ¶6. Prior to filing the adversary complaint that is the subject of this Motion, Plaintiffs spent $19,526 toward improvements to the Sunnyvale Property after amending the bankruptcy schedules and claiming the Sunnyvale Property as exempt and their homestead. Complaint ¶¶ 3-5 and 7-8. There is equity in the Sunnyvale Property and the improvements have increased its value. Complaint ¶ 11-13. Plaintiffs had a good faith belief that they would prevail and be able to retain the home. In fact, the Defendant agreed to settle the matter and cancelled the scheduled sale (Administrative Case, 2:13-18751-EPB Doc. 86 and 89), which would have allowed Plaintiffs to keep the home. However, Lund Cadillac, LLC (an alleged creditor) objected to the exemption (2:13-18751-EPB Doc. 88; Complaint ¶¶ 9-10) and ignited all of the litigation that led the parties to the 9th Circuit Court of Appeals. Although the 9th Circuit ruled the home was not exempt, Plaintiff intends to file a Motion for Reconsideration which is due January 12, 2018. The increase in the Sunnyvale Property's value is a direct and permanent benefit to Defendant because part of the proceeds will go to compensate Defendant, leaving Plaintiffs with nothing. Plaintiffs have presented facts, that if taken as true, support their claim for an equitable lien. Defendant's Motion should be denied.

### B. PLAINTIFFS HAVE PLEAD FACTS THAT SUPPORT A CLAIM FOR UNJUST ENRICHMENT

Under Arizona law "five elements must be proved to make a case of unjust enrichment: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of justification for the enrichment and the impoverishment and (5) an absence of a remedy provided by law. *Cmty Guardian Bank v. Hamilton*, 182 Ariz. 627,629; 898 P.2d 1005,1007 (App. 1995)(citing <u>*City of Sierra Vista v. Cochise Enter., Inc.,*</u> 144 Ariz. 375, 381, 697 P.2d 1125, 1131

(App.1984); *Stapley v. American Bathtub Liners, Inc.,* 162 Ariz. 564, 568, 785 P.2d 84, 88 (App.1989). To create a community obligation from an unjust enrichment judgment, the plaintiff, must plead and prove that the Defendant was enriched. Id.

Plaintiffs allege that the value of the property has been increased by an amount equal to or more than the amount expended by the Plaintiffs. Complaint ¶12. Plaintiffs have also alleged that by improving the property, as set forth above, the Defendant which is the Chapter 7 Trustee, has been enriched. Complaint ¶¶3-13 and 15. Plaintiffs also allege that they have been impoverished by investing funds to improve property that will be sold if the homestead exemption is not allowed. Complaint ¶¶3-13 and 16. Plaintiffs further allege that there is a connection between the enrichment and the impoverishment in that the monies expended by Plaintiffs (the impoverishment) were and are a benefit to the Defendant (the enrichment). Complaint ¶¶3-13 and 17. Plaintiffs also allege that there is no justification for enrichment and impoverishment and that there is no adequate remedy at law. Complaint ¶19. If the court takes all of the allegations in the complaint as true, Plaintiffs have clearly been impoverished and the Defendant has been enriched. The increased value of the Sunnyvale property, if sold by the Defendant, will go to the trustee and Plaintiffs and their five children will be left with nothing. Plaintiffs have sufficiently made a claim for unjust enrichment.

### C. PLAINTIFF'S THIRD CAUSE OF ACTION SEEKING ADMINISTRATIVE EXPENSES WAS VOLUNTARILY DISMISSED BY PLAINTIFF

Defendant's Motion, for the most part, is based on a claim that is no longer part of the complaint. Plaintiffs moved to dismiss count three, a claim for administrative expenses, on July 27, 2015, which was granted (Doc. 6 and 11). Plaintiffs do not now make a claim for administrative expenses, but rather assert valid claims under Arizona

law for an equitable lien and for unjust enrichment as set forth above in section A and B. Therefore, Defendants arguments regarding the requirements of 11 U.S.C. § 503(b) do not apply and are not a valid basis to dismiss the complaint. Defendant is simply attempting to re-characterize the complaint to create a basis for dismissal. Defendant cites *Vu v. Kendall (In re Vu),* 245 B.R. 644, 647–48 (9th Cir.BAP2000)), to support its argument that Plaintiffs' claim for administrative expenses should fail. Motion p. 5 lines 19-20. However, Plaintiffs are not making a claim for administrative expenses and the factors under *Vu* do not apply. *Vu* does not addresses whether a debtor can make a claim for an equitable lien or unjust enrichment for necessary repairs made to property of the bankruptcy estate, rather *Vu* involved the question of whether the debtor could compel a 11 U.S.C. 554(b) abandonment of appreciated property. *Id*.

Defendants argue that the Trustee did not request "that any of these expenses be incurred, and at no time did the Plaintiffs seek prior Court approval to incur the expenses or make alterations to the Sunnyvale Property." Those requirements do not apply here. The repairs were immediately necessary to prevent waste and preserve the value of the Sunnyvale property. Exhibit B and C ("Exhibits") to Plaintiff's complaint show the need to replace the air conditioner, the water heater, and repair the plumbing. The Exhibits also show the need to replace exhaust fans, smoke detectors and treat for termites. Plaintiffs also had to make interior repairs and improvements as well as revive the landscaping. With five small children in the home, the Plaintiffs could not live without air conditioning in the summer time or without a hot water heater or with termites for that matter. The expenditures for the repairs was urgent and Plaintiffs hoped that the

7

homestead exemption would be allowed based on Arizona law and they would be able to make a fresh start. Plaintiffs' actions benefited all parties. As outlined in the sections above, Plaintiffs have made plausible claims for an equitable lien and unjust enrichment. Defendant's Motion should be denied.

### D. PLAINTIFFS SHOULD BE ENTITLED TO AMEND THIER COMPLAINT IF NECESSARY

Plaintiff respectfully requests that this court grant leave to amend the complaint should the court find the complaint inadequate pursuant to Rule 15, Federal Rules of Civil Procedure.

### III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully requests that the Motion to Dismiss be denied in its entirety, and that they be allowed to move forward on the merits of their claims. In the event that any portion of the Motion is granted, Plaintiff requests leave to amend.

RESPECTFULLY SUBMITTED, this 5th day of January, 2018.

By /S/ Monique Wilhite
Monique Wilhite
BRANSCOMB WILHITE LAW FIRM
5045 W. Baseline Road
Suite 105-207
Laveen, Arizona 85339
602-326-9002
Monique Branscomb Wilhite, Bar No. 013775
Attorney for Debtor by Special Appearance as to

8

below captioned Adversary Proceeding

**ORIGINAL** of the foregoing filed this 5th day of January, 2018 with:

**U.S. BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**
230 North First Avenue, Suite 101
Phoenix, Arizona 85003-1727

Delivered via electronic email to:

Office of the US Trustee
230 North First Ave.
Phoenix, AZ 85003
Email: Renee.S.Shamblin@usdoj.gov
Adam B. Nach
Joel F. Newell
LANE & NACH, P.C.
2001 E. Campbell Ave., Suite 103
Phoenix, AZ 85016
Telephone No: (602)258-6000
Facsimile No.: (602) 258—6003
Email: adam.nach@lane-nach.com
          joel.newell@lane-nach.com
*Attorneys for Diane Mann*